UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAUL DECENA TAPIA,<br><br>                    Petitioner,<br><br>          v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, DAVID WESLING, Field Office Director, MARKWAYNE MULLIN, U.S. Secretary Department of Homeland Security, TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, TODD BLANCHE, Acting U.S. Attorney General,<br><br>                    Respondents. | CIVIL ACTION<br>NO. 26-12359-WGY |

YOUNG, D.J.                                    June 3, 2026

## ORDER

The Court has reviewed the petition filed by Petitioner Saul Decena Tapia ("Decena Tapia") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Resp. Habeas Pet. ("Resp."), ECF No. 7.

District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention. Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023). Since

Decena Tapia challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with petitioner Decena Tapia that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of this court's rulings in similar cases.  See, e.g., Sampiao v. Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).

The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Decena Tapia poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

[2]

[3]

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

[3]